SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jason D. Russell (SBN 169219)
Jason.Russell@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

Anthony J. Dreyer (*pro hac vice* forthcoming)
Anthony.Dreyer@skadden.com
Ryan P. Bisaillon (*pro hac vice* forthcoming)
Ryan.Bisaillon@skadden.com
One Manhattan West
New York, New York 10001-8602
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Plaintiff*
*WCM Investment Management, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WCM INVESTMENT MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WCM GLOBAL WEALTH, LLC,<br><br>    Defendant. | CASE NO.: 8:23-cv-00715<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR:**<br><br>(1) Trademark Infringement Under 15 U.S.C. § 1114;<br><br>(2) False Designation of Origin Under 15 U.S.C. § 1125(a);<br><br>(3) Unfair Competition Under 15 U.S.C. § 1125(a);<br><br>(4) Common Law Trademark Infringement and Unfair Competition Under California Law; and<br><br>(5) Unfair Competition Under Cal. Bus. & Prof. Code § 17200. |

**COMPLAINT**

## COMPLAINT

COMES NOW the Plaintiff, WCM Investment Management, LLC ("WCM"), by and through its attorneys, for its Complaint against Defendant WCM Global Wealth, LLC ("Defendant"), upon personal knowledge as to its own acts and conduct and on information and belief as to all other matters, does hereby allege and aver:

## INTRODUCTION

1. This is an action alleging trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition under California law, and unfair and unlawful competition in violation of California Business & Professions Code § 17200.

2. This action concerns Defendant's blatant and willful disregard of WCM's longstanding trademark rights. Since 2000, WCM has provided industry-leading investment management services to a nationwide base of clientele under the name WCM Investment Management, often referred to in shorthand as WCM and by its clients and potential clients as simply "WCM" (the "WCM Mark").

3. Over the past 20-plus years, WCM has earned a well-deserved reputation for its outstanding client service, track record and results, and has achieved widespread recognition in the financial markets for its international and global equity portfolios and strategies. Since that time, consumers have come to associate WCM and its services with the WCM Mark.

4. As a consequence of its continuous, extensive, and well-publicized use of the WCM Mark, particularly within the investment management industry, and the substantial goodwill that WCM has built as a result of its outstanding service, WCM has acquired strong trademark rights in the WCM Mark.

5. WCM also owns federal trademark registrations with the United States Patent and Trademark Office ("USPTO") in trademarks encompassing and incorporating the WCM Mark. (U.S. Reg. No. 6,551,728; U.S. Reg. No. 6,542,016.)

6. Defendant, which registered as an investment adviser with the U.S. Securities and Exchange Commission ("SEC") on July 25, 2019, offers investment management services (including equity and equity fund management) under the trade name "WCM Global Wealth."

7. Defendant uses the phrase "WCM" as a dominant feature in its trade name and utilizes "WCM" in its advertising and promotion of its services, including both its investment management services and its investment fund offerings through entities affiliated with Defendant.

8. Defendant's use of the "WCM" mark in connection with investment management services—and clear plans to continue such use in connection with these and similar services—is likely to cause significant harm to WCM's business.

9. Despite repeatedly being informed of WCM's long-standing rights in the WCM Mark, Defendant continues to utilize the "WCM" name in advertising, promoting, and offering its investment management and related services.

10. Specifically, although WCM informed Defendant through correspondence in August 2022, October 2022 and February 2023 that Defendant's actions were likely to cause confusion with WCM's business, Defendant dragged its feet, failed to meaningfully engage with WCM, and refused to make any changes to its branding in an effort to avoid consumer confusion.

11. Yet in fact, such confusion has already occurred, and customers have mistakenly believed that certain of Defendant's offerings are in fact related to services offered by WCM.

12. In short, Defendant has shown a blatant disregard for WCM's rights in the WCM Mark — a mark which WCM has continuously utilized for over two decades. If Defendant's infringing activities are not enjoined, such actions will continue to cause confusion among consumers and significant irreparable harm to WCM.

13. Accordingly, WCM brings the instant suit to protect itself and its trademark rights from Defendant's infringing conduct, and to seek this redress from this Court to remedy the injury that WCM has suffered and will continue to suffer from Defendant's infringing conduct.

## PARTIES

14. Plaintiff WCM is a limited liability company organized under the laws of Delaware, maintaining its principal place of business at 281 Brooks Street, Laguna Beach, California, 92651.

15. Plaintiff WCM is an investment management firm that has been registered as an investment adviser with the U.S Securities and Exchange Commission ("SEC") since August 12, 1976.  Plaintiff WCM is also registered as an investment adviser with numerous U.S. state securities authorities.[1]

16. Defendant is a limited liability company organized under the laws of Delaware, maintaining its principal place of business at 201 Riverplace #500, Greenville, South Carolina, 29601.

17. Defendant registered as an investment adviser with the SEC on July 25, 2019.  Upon information and belief, Defendant is registered as an investment adviser in four other U.S. states, including in the state of California.[2]

18. Upon information and belief, Defendant registered as an investment adviser in the state of California at some point prior to July 25, 2019, and has been obligated to make notice filing to the state securities authority of the state of California since its July 25, 2019 SEC registration.[3]

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over the Lanham Act claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject

---

[1]  *See* https://adviserinfo.sec.gov/firm/summary/104702.
[2]  *See* https://adviserinfo.sec.gov/firm/summary/156594.
[3]  *Id.*

matter jurisdiction over the related state law claims raised in this action pursuant to 28 U.S.C. §§ 1338(b) and 1367.

20. This Court has personal jurisdiction over Defendant because Defendant offers its services to customers located within the state of California and has transacted business within the state of California, including by servicing clients located within the state of California and within this District. Further, Defendant's activities are likely to confuse consumers located within the state of California and within this District, including actual and/or potential customers of WCM.

21. Defendant has also purposefully availed itself of the laws and courts of the state of California, including by registering as an investment adviser within the state of California and making notice filings to the state securities authority of the state of California.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims asserted herein occurred in this District, including Defendant's offering services under the "WCM" name to customers located inside this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant is subject to personal jurisdiction in this District and is therefore deemed to reside in this District for purposes of venue. 28 U.S.C. § 1391(d).

## STATEMENT OF FACTS

### WCM's Background and the WCM Mark

23. WCM was formed in 1976, and over the past forty-seven years has established itself as an industry-leading adviser providing investment management services for a diverse client base, including corporations, public and private funds, Taft-Hartley plans, foundations, individuals, and endowments.

24. WCM has operated continuously under the name WCM Investment Management since February 2, 2000.

25.   Since that time, WCM has routinely used the WCM Mark to refer to itself and its services, and WCM's clients and potential clients have used the WCM Mark to refer to WCM.

26.   Through its proven ability to achieve outstanding results for its numerous clients, WCM has become well known in the financial markets for its international and global equity portfolios and strategies.

27.   WCM currently manages approximately $70 billion in assets for clients located throughout the United States.

28.   Additionally, WCM operates several mutual funds and private funds that include the WCM Mark as branding (the "WCM Funds"), including WCM Focused International Growth Fund; WCM Focused Global Growth Fund; WMC Focused Emerging Markets Fund; WCM International Small Cap Growth Fund; WCM China Quality Growth Fund; WCM Focused Small Cap Fund; WCM Small Cap Growth Fund; WCM International Equity Fund; WCM Developing World Equity Fund; WCM Partners Fund; and WCM Focused International Value Fund.

29.   The United States Patent and Trademark Office has recognized WCM's exclusive trademark rights in the WCM Mark and other source identifiers encompassing and incorporating the "WCM" brand name.

30.   Specifically, WCM owns the following two Principal Register trademark registrations: (1) WCM for "[i]nvestment management," (U.S. Reg. No. 6,551,728, a copy attached hereto as **Exhibit 1**); and (2) WCM FOCUSED INTERNATIONAL GROWTH FUND for "[m]utual fund investment advisory services, investment management services and financial services in the nature of pooled investment funds management and operations" (U.S. Reg. No. 6,542,016, a copy attached hereto as **Exhibit 2**) (collectively, the "Registrations").

31.   U.S. Reg. No. 6,551,728 is based on a first use in commerce date of February 2, 2000, and U.S. Reg. No. 6,542,016 is based on a first use in commerce date of June 26, 2013.

32. WCM's use of the WCM Mark is arbitrary in connection with investment management services.

33. WCM has spent millions of dollars advertising, marketing, and promoting its services offered under the WCM Mark, including through its website (wcminvest.com), at trade conferences and panels, and in industry publications.

34. The WCM Mark has been consistently displayed to WCM's consumers since at least as early as 2000, both digitally and in the real world—including in marketing and pitch materials, social and mainstream media, and the internet-at-large.

35. As a result of the above extensive, continuous, and well-publicized uses, the WCM Mark has come to be associated with WCM in the minds of consumers, and WCM has acquired strong trademark rights in the WCM Mark. In addition, WCM has acquired secondary meaning in the WCM Mark.

36. WCM enforces its rights in the WCM Mark by diligently policing against unauthorized users of the name "WCM" in the investment management and financial services space, and obtaining cessation of or restrictions on unauthorized third-party use and registration, as appropriate.

**Defendant's Adoption of the Infringing "WCM" Brand Name**

37. Upon information and belief, Defendant was formed and began providing investment management services under the name "WCM Global Wealth" in or around 2011.

38. Upon information and belief, until in or around 2019, Defendant provided a more limited subset of investment management services that primarily focused on real estate investment.

39. Upon information and belief, beginning in or around 2019, Defendant began offering a more expansive range of investment management services (which it continues to offer presently), including but not limited to investments in marketable securities, equity fund management, and holistic financial planning services.

40. In July of 2019—nearly twenty years after WCM first started using the WCM Mark—Defendant filed as an investment adviser with the SEC under the name "WCM Global Wealth, LLC."

41. Defendant describes itself as a "diversified financial services firm specialized in providing exclusive financial products and services to high net worth individuals and businesses."[4]

42. Defendant advertises and promotes its investment management services and solicits new business on its webpage by allowing potential clients to "Connect With An Advisor" by providing a name and email address and representing that "a WCM Global Wealth, LLC adviser will contact you within 24 hours to discuss your wealth management plan."[5]

43. Defendant advertises its "investment strategies" as "utilizing an investment mixture of equities, taxable or tax-free fixed income investments, real estate, private equity investment vehicles and other non-correlated assets" to diversify its clients' portfolios.[6]

44. Along with adopting the brand name "WCM Global Wealth" in connection with its investment management services, Defendant has begun to use "WCM" as a prefix for various of its newly formed affiliate and investment fund entities, including WCM Global Management, LLC formed in 2020; WCM Capital Strategies, LLC formed in 2019; WCM Global Opportunity Fund, LP formed in 2019; WCM CKE Investment, LLC formed in 2021; and WCM Development, LLC formed in 2018.

45. In sum, Defendant offers services under the "WCM" name that directly conflict with services offered by WCM, including investment management and advisory services, international and emerging market investment advisory strategy, and mutual fund and private investment fund management services.

---

[4] See https://www.wcmglobalwealth.com/.
[5] Id.
[6] See https://www.wcmglobalwealth.com/Strategies.

46. Defendant's trade name "WCM Global Wealth," and its use of "WCM" more generally in connection with investment management services, is confusingly similar to WCM's WCM Mark.

47. Defendant's use of the term "WCM," and in particular its purposeful and direct association of the "WCM" name with investment advisory services—including services that directly overlap with those provided by WCM under the WCM Mark—will inevitably cause consumer confusion with the WCM Mark, and cause severe and irreparable harm to WCM and the goodwill it has built up in the WCM Mark for over twenty years.

48. Indeed, such consumer confusion has already occurred. For example, a potential WCM client contacted an entity that handles distribution of WCM's investment funds in February 2023 regarding a potential investment in Defendant's "WCM Global Opportunity LP" investment fund, mistakenly believing the fund to be a service offered by WCM.

49. WCM's trademark rights in the name "WCM" are senior to those of Defendant's, as WCM has been continually rendering investment services under the WCM name in commerce prior to Defendant's formation and in Defendant's geographic areas of use.

50. Notably, in the state of South Carolina (where Defendant maintains its principal place of business), WCM has been a registered investment adviser since April 11, 2005, and has South Carolina client relationships that long predate the formation of Defendant.

51. While WCM has made efforts to inform Defendant of WCM's longstanding rights in the WCM Mark and to resolve this matter short of litigation, Defendant has ignored those efforts.

52. In August 2022, after becoming aware of Defendant's infringing conduct, WCM sent a cease and desist letter to Defendant, setting forth WCM's rights in the WCM Mark and requesting that Defendant change its name and phase out its use of

"WCM" over a reasonable period of time.  WCM sent subsequent cease and desist letters to Defendant in October 2022 and February 2023, to no avail, and Defendant ignored and never substantively responded to WCM's last letter.

53. Despite being aware of WCM's rights in the WCM Mark, Defendant continued to use the "WCM" name in offering, advertising, and promoting its services, regardless of the consequences or harm caused to WCM.

54. Accordingly, WCM has been forced to file this suit to protect itself and its rights.  As a result of Defendant's infringing conduct, (i) WCM has lost significant value in its WCM Mark; (ii) WCM's goodwill and reputation have been irreparably damaged; and (iii) WCM can no longer present itself to its customers or the general public without the likelihood of being falsely associated with Defendant.

55. Defendant has willfully disregarded WCM's prior rights and the harm to WCM's business wrought by Defendant's use of the name "WCM" in connection with the provision of investment management advisory services.

## FIRST CLAIM
### (Trademark Infringement Under 15 U.S.C. § 1114)

56. WCM incorporates by reference the allegations in the preceding paragraphs of the Complaint.

57. WCM is the owner of the Registrations described in paragraphs 29-31 of this Complaint.

58. WCM uses the marks associated with the Registrations in commerce in connection with the provision of investment management services, including services related to investment opportunities in mutual and private investment funds.

59. WCM's marks as covered by the Registrations are valid and enforceable against third parties, including Defendant.

60. WCM's marks as covered by the Registrations are arbitrary, or have acquired secondary meaning.

61. Defendant has used and/or plans to use trademarks in interstate commerce, which marks are confusingly similar to the marks covered by WCM's Registrations, in connection with the provision of investment management services that are similar to those provided by WCM under the marks covered by its Registrations.

62. Defendant's actions are likely to cause, have caused, and will continue to cause confusion, mistake, and deception in the minds of consumers as to the source or origin of Defendant's and/or WCM's services.

63. Defendant acted with full knowledge that its actions would cause confusion or mistake and deceive consumers, which constitutes a willful violation of the Lanham Act.

64. As a result of these actions, WCM has suffered irreparable injury and, unless Defendant's infringement is enjoined by the Court, WCM will continue to suffer irreparable harm. There is no adequate remedy at law for the harm caused by Defendant's infringing conduct.

65. As a direct and proximate result of Defendant's willful trademark infringement, WCM has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred in bringing and prosecuting the instant action.

## SECOND CLAIM
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

66. WCM incorporates by reference the allegations in the preceding paragraphs of the Complaint.

67. WCM has and currently uses the WCM Mark to identify itself and the source of its services.

68. Defendant's use of marks that are confusingly similar to the WCM Mark has caused and is likely to continue to cause confusion or mistake, or to deceive consumers and potential consumers, the public, and the trade concerning an affiliation,

connection, or association between Defendant and WCM when there is in truth no such affiliation, connection, or association.

69. Defendant's activities, alleged herein, have a substantial economic effect on interstate commerce.

70. Defendant acted willfully, with full knowledge of WCM's prior rights in the WCM Mark, and those acts constitute a willful violation of the Lanham Act.

71. Defendant's activities constitute false designation of origin within the meaning of 15 U.S.C. § 1125(a).

72. WCM has been injured by Defendant's false and misleading designation of origin in violation of 15 U.S.C. § 1125(a).

73. Defendant acted willfully, with full knowledge of WCM's rights in the WCM Mark, and those acts constitute a willful violation of the Lanham Act.

## THIRD CLAIM
### (Unfair Competition Under 15 U.S.C. § 1125(a))

74. WCM incorporates by reference the allegations in the preceding paragraphs of the Complaint.

75. By virtue of having used and continuing to use the WCM Mark in commerce, WCM has acquired trademark rights in the WCM Mark.

76. The WCM Mark is distinctive, and serves to identify WCM as the source of the services provided under the WCM Mark.

77. Defendant has used and continues to use a trade name that is confusingly similar to the WCM Mark without WCM's consent.

78. Defendant's unauthorized use in commerce of a trade name that is confusingly similar to the WCM Mark in connection with similar investment management services constitutes a false designation of origin or false and misleading description or representation of goods and services in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake, and deception, and in

commercial advertising and promotion, misrepresents the nature, characteristics, qualities, and origin of Defendant's commercial activities.

79. Defendant's activities, alleged herein, have a substantial economic effect on interstate commerce.

80. Defendant's activities, alleged herein, constitute unfair competition within the meaning of 15 U.S.C. § 1125(a).

81. Defendant acted willfully, with full knowledge of WCM's prior rights in the WCM Mark, and those acts constitute a willful violation of the Lanham Act.

82. As a result of these actions, WCM has suffered irreparable injury and, unless Defendant's conduct is enjoined by the Court, WCM will continue to suffer irreparable harm. There is no adequate remedy at law for the harm caused by Defendant's unlawful conduct.

## FOURTH CLAIM
### (Common Law Trademark Infringement and Unfair Competition under California Law)

83. WCM incorporates by reference the allegations in the preceding paragraphs of the Complaint.

84. By virtue of having used and continuing to use the WCM Mark in commerce since February 2, 2000, including in California, where WCM maintains its principal place of business, WCM has acquired common law trademark rights in the WCM Mark in connection with investment management services, including services related to investment opportunities in mutual and private investment funds.

85. The WCM Mark is distinctive, and serves to identify WCM as the source of the services provided under the WCM Mark.

86. Defendant's use of a trade name that is confusingly similar to the WCM Mark, in connection with the provision of the same and similar investment management services, infringes WCM's common law trademark rights in the WCM Mark and is likely to cause confusion, mistake, or deception among consumers.

87. By virtue of acts complained of herein, Defendant has caused a likelihood of confusion in the marketplace and amongst the public in violation of the common law of California.

88. The activities of Defendant as described herein are unfair acts that have damaged the legitimate business of WCM and, therefore, those activities constitute unfair competition in violation of the common law of California.

89. As a direct and proximate result of Defendant's common law trademark infringement and unfair competition, WCM has suffered, and, unless Defendant is enjoined by this Court, will continue to suffer irreparable injury to WCM's business, reputation, and goodwill in the WCM Mark for which WCM has no adequate remedy at law.

## FIFTH CLAIM
### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200)

90. WCM incorporates by reference the allegations in the preceding paragraphs of the Complaint.

91. Defendant's continued and unauthorized use of the term "WCM," a term that is confusingly similar to the WCM Mark, to advertise, market and promote its investment management services is likely to cause confusion or mistake, or to deceive customers as to the source, affiliation, connection, or association between WCM's services and Defendant's services.

92. Defendant's actions thus constitute unlawful or unfair business practices under California Business and Professions Code § 17200.

93. WCM has been damaged as a result of Defendant's actions, including irreparable injury to its business, reputation, and the goodwill associated with the WCM Mark. WCM will continue to suffer irreparable injury unless Defendant's misconduct is enjoined.

## PRAYER FOR RELIEF

WHEREFORE, WCM respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, an Order:

1. Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); (ii) Defendant has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (iii) Defendant has committed trademark infringement and unfair competition in violation of California common law; (iv) Defendant has committed unlawful and/or unfair business practices in violation of Cal. Bus. & Prof. Code § 17200;

2. Entering a preliminary and permanent injunction enjoining and restraining Defendant from using in commerce or in connection with any goods or services any mark, name, or design that creates a likelihood of confusion with the WCM Mark, and from engaging in any other acts of unfair competition, including the use of the "WCM" name or any name substantially similar thereto in connection with investment advisory services;

3. Awarding WCM all direct damages, indirect damages, consequential damages (including lost profits), special damages, costs, fees, and expenses incurred by reason of Defendant's wrongful acts, in an amount to be determined at trial;

4. Awarding WCM treble damages sustained as a result of Defendant's willful and unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

5. Ordering an accounting by Defendant to WCM for any and all profits derived as a result of marketing, promoting, or selling any goods or services using any mark, name, or design that is confusingly similar to the WCM Mark;

6. Awarding WCM pre-judgment interest on any money awarded and made part of the judgment;

7. Awarding WCM its actual costs and attorneys' fees incurred in bringing and defending this action pursuant to 15 U.S.C. § 1117(a); and

8. Granting such other relief the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues properly triable of right by a jury.

Respectfully submitted this 25th day of April, 2023.

DATED: April 25, 2023

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

*/s/ Jason D. Russell*
Jason D. Russell (SBN 169219)
Jason.Russell@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Anthony J. Dreyer
(*pro hac vice* forthcoming)
anthony.dreyer@skadden.com
Ryan P. Bisaillon
(*pro hac vice* forthcoming)
ryan.bisaillon@skadden.com
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Plaintiff*
*WCM Investment Management, LLC*