SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jason D. Russell (SBN 169219)
Jason.Russell@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

Anthony J. Dreyer (admitted *pro hac vice*)
Anthony.Dreyer@skadden.com
Ryan P. Bisaillon (admitted *pro hac vice*)
Ryan.Bisaillon@skadden.com
Eliza S. Edlich (admitted *pro hac vice*)
Eliza.Edlich@skadden.com
One Manhattan West
New York, New York 10001-8602
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Plaintiff*
*WCM Investment Management, LLC*

RIMON, P.C.
Mark Steven Lee (SBN 94103)
Mark.Lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:  310-561-5776
Facsimile:  310-561-5776

*Attorney for Defendant*
*WCM Global Wealth, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WCM INVESTMENT MANAGEMENT, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>WCM GLOBAL WEALTH, LLC,<br><br>        Defendant. | Case No.:  8:23-cv-00715-JWH-ADS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]** |

## I.   PURPOSES AND LIMITATIONS

A.   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   GOOD CAUSE STATEMENT

A.   This action is likely to involve trade secrets, customer and pricing lists and other valuable commercial, financial and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential or commercial information

(including information implicating privacy rights), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.  DEFINITIONS

A.   <u>Action</u>: *WCM Investment Management, LLC v. WCM Global Wealth, LLC*, Case No. 8:23-CV-00715-JWH-ADS (C.D. Cal. 2023).

B.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL Information or Items" that is proprietary or highly sensitive such that disclosure could create a substantial risk of serious harm to the Producing Party or a Non-Party that provided the information to the Producing Party on a confidential basis.

E.      Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

F.      Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

G.      Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.      Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been (1) retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee or contractor of any Party, (3) has not been an employee of or a contractor of a Party at any point during the previous five years, and (4) at the time of retention, is not anticipated to become an employee or contractor of any Party.

I.     <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.     <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.     <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.     <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors as well as e-discovery vendors and discovery contract attorneys.

O.     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

P.     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

    A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

    B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.   DURATION**

    A.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.   DESIGNATING PROTECTED MATERIAL**

    A.    Exercise of Restraint and Care in Designating Material for Protection

        1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards..

        2.    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been

made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or does not qualify for the level designated, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), to each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when

7

produced, and any Party when printing such Protected Material

must affix the designated legend to each page of the printed copy.

b.      A Party or Non-Party that makes original documents

available for inspection need not designate them for protection

until after the inspecting Party has indicated which documents it

would like copied and produced.  During the inspection and before

the designation, all of the material made available for inspection

shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."  After the inspecting Party has identified the documents it

wants copied and produced, the Producing Party must determine

which documents, or portions thereof, qualify for protection under

this Order.  Then, before producing the specified documents, the

Producing Party must affix the appropriate legend

("CONFIDENTIAL legend" or  "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY legend") to each page that contains

Protected Material.

c.      For testimony given in depositions, including transcripts,

such testimony shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" until the expiration of twenty-one (21)

days after the deposition unless otherwise designated at the time of

the deposition or during the twenty-one (21) day period.  Pages or

entire transcripts of testimony given at a deposition hearing may

be designated as containing "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by an

appropriate statement either at the time of the giving of such testimony or by written notification within twenty-one (21) days after the deposition.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any transcript that is prepared before the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

d.      For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

e.      For information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Protected Material and by placing a legend on the front page of such discovery responses stating:  "CONTAINS

CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers].”

C.   Inadvertent Failure to Designate

   1.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   Timing of Challenges

   1.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.   Meet and Confer

   1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.   Judicial Intervention

   1.   If the Parties cannot resolve a challenge without Court intervention the Parties shall file a joint stipulation pursuant to Local Civil Rule 37.2 within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute.  Additionally, the Designating Party may initiate a joint statement seeking to retain confidentiality in response to a challenge.  Any joint statement

submitted pursuant to this provision must affirm that the Parties have complied with the meet and confer requirements imposed by the preceding paragraph.

D.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

A.    Basic Principles

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    Disclosure of "CONFIDENTIAL" Information or Items

1.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.     The Court and its personnel;

e.     Court reporters and their staff;

f.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

2.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c.      The Court and its personnel;

d.      Court reporters and their staff;

e.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

f.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

h.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

    3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client

privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

B.     If a Party or Non-Party inadvertently produces or provides discovery of information that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without labeling or marking it as such, the Party or Non-Party may give written notice to the Receiving Part(ies)—within ten (10) business days after becoming aware of the inadvertent production—that the information should be treated as Protected Material in accordance with the provisions of this Order.  If such notice is provided by a Party or Non-Party, that party will provide copies of the properly marked information.  Upon receipt of such notice and properly marked information, the Receiving Part(ies) shall, to the extent practicable, return or destroy the unmarked or incorrectly marked information and not retain copies thereof, and shall undertake a reasonable, good-faith effort to correct any disclosure of such information contrary to the redesignation.  The Party receiving such notice shall also make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such material generated based upon such newly designated information are immediately treated as containing Protected Material.  Prior to receipt of such notice, disclosure of such information to persons not authorized to receive the information shall not be deemed a violation of this Order.

## XIII.  MISCELLANEOUS

A.     Right to Further Relief

1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections

1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.     Filing Protected Material

1.     A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D.     Advice of Counsel

1.     Nothing in this Order shall prevent or otherwise restrict Outside Counsel of Record from rendering advice to their clients and, in the course thereof, relying generally on Protected Material; provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe any such materials except insofar allowed (if allowed at all) under the terms of this Order.

## XIV.  FINAL DISPOSITION

A.     After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving

Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.       Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated: December 7, 2023          */s/ Anthony J. Dreyer*
                                 Attorney for Plaintiff


Dated: December 7, 2023          */s/ Mark S. Lee*
                                 Attorney for Defendant


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated:      12/11/2023                 /s/ Autumn D. Spaeth
                                 HONORABLE AUTUMN D. SPAETH
                                 United States Magistrate Judge

1

## E-FILING ATTESTATION

2
3
4

      I, Anthony J. Dreyer, am the ECF user whose ID and password are being used to file this document.  In compliance with Civil Local Rule L.R. 5-4.3.4(a)(2)(i), I hereby attest that each of the signatories identified above has concurred in this filing.

5

6
7

                    **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

8

9

                    /s/ Anthony J. Dreyer

10

                    Anthony J. Dreyer (*pro hac vice*)

                    *Attorney for Plaintiff*

11

12

DATED: December 7, 2023

13
14
15
16
17
18
19
20
21
22
23
24

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue

by the United States District Court for the Central District of California on [DATE] in

the case of *WCM Investment Management, LLC v. WCM Global Wealth, LLC*, Case No.

8:23-CV-00715-JWH-ADS.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____